**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFFREY CHERY,<br><br>                         Plaintiff,<br><br>             v.<br><br>CONDUENT EDUCATION SERVICES LLC, ACCESS GROUP, INC., ACCESS FUNDING 2015-1, LLC<br><br>                         Defendant. | CIVIL ACTION NO. 1:18-cv-00075-DNH-CFH |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Conduent Education Services LLC, Access Group, Inc., and Access Funding 2015-1, LLC ("Defendants") by and through their undersigned counsel, hereby answers the Complaint of plaintiff, Jeffrey Chery ("Plaintiff"), as follows:

### AS TO "PRELIMINARY STATEMENT"

1.      Defendants admit only that Plaintiff, on behalf of himself and a putative class, purports to raise causes of action for violation of New York General Business Law § 349, breach of contract, breach of implied covenant of good faith, declaratory judgment, negligence, and unjust enrichment.  Defendants deny that they are liable for these claims, or that they otherwise acted unlawfully in regards to Plaintiff or the putative class members.  By way of further answer, Defendants expressly deny that class certification would be appropriate here.

2.      The allegations in this paragraph are conclusions of law to which no response is required.  To the extent any response is deemed necessary, the allegations are denied.  By way of further answer, Defendants deny that they engaged in any conduct that violated the rights of Plaintiff or the members of the putative class.  Defendants further deny that class certification would be appropriate here.

3.      The allegations in this paragraph refer to federal statute(s) or regulation(s), or federal agency interpretation(s) thereof.  The text of each speaks for itself, and therefore no response is required.  To the extent any response is deemed necessary, including to respond to Plaintiff's characterizations of those statutes, regulations, or interpretations, the allegations are denied.

4.      Denied.

5.      To the extent the allegations in this paragraph refer to federal statute(s) or regulation(s), or federal agency interpretation(s) thereof, the text of each speaks for itself and therefore no response is required.  To the extent any response is deemed necessary, including to respond to Plaintiff's characterizations of those statutes, regulations, or interpretations, the allegations are denied.  With respect to the remaining allegations in this paragraph, those allegations are denied.

6.      Denied.

7.      Denied.

8.      To the extent the allegations in this paragraph refer to federal statute(s) or regulation(s), or federal agency interpretation(s) thereof, the text of each speaks for itself and therefore no response is required.  To the extent any response is deemed necessary, including to respond to Plaintiff's characterizations of those statutes, regulations, or interpretations, the allegations are denied.  With respect to the remaining allegations in this paragraph, those allegations are denied.

9.      Denied.  By way of further answer, Defendants expressly deny that class certification would be appropriate here.

## AS TO "JURISDICTION AND VENUE"

10.      Defendants admit that the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) and/or 28 U.S.C. § 1331.  The remaining allegations in this paragraph are conclusions of law to which no response is required.  To the extent any response is deemed necessary, the allegations are denied.

11.      Defendants admit only that venue is proper in this District because CES is a resident of the State of New York.  The remaining allegations in this paragraph are denied.  By way of further response, CES no longer services FFELP loans, no longer maintains a location in New York, and does not market or offer services in New York.

## AS TO "PARTIES"

12.      Defendants admit only that CES serviced several federal student loans owed by Plaintiff, which are identified in Exhibit A to the Amended Complaint.  Defendants deny that Plaintiff "had nine FFELP student loan accounts."  Defendants lack sufficient knowledge information to determine the truth of the remaining allegations in this paragraph, and as such, the allegations are denied.

13.      Admitted that CES is registered as a Delaware limited liability company, and remains registered to do business in the State of New York.  All remaining allegations in this paragraph are denied.  By way of further response, and as referenced above, CES ceased servicing FFELP loans as of October 1, 2018, and accordingly it no longer maintains an office in Utica, performs any student loan servicing there, or accepts correspondence there.  In addition, Xerox Education Services was a subsidiary of Xerox Business Services, and Xerox Business Services became part of Conduent Inc. on January 1, 2017.  Xerox Education Services thereafter changed its name to Conduent Education Services.

14.     Admitted only that Access is a Delaware not-for-profit corporation that is registered to do business in the State of New York, which is now known as AccessLex Institute. The remaining allegations in this paragraph are conclusions of law to which no response is required.  To the extent any response is deemed necessary, the allegations are denied.

15.     Admitted only that Access Funding is a Delaware limited liability company. The remaining allegations in this paragraph are conclusions of law to which no response is required.  To the extent any response is deemed necessary, the allegations are denied.

## AS TO "RELEVANT NON-PARTIES"

16.     Defendants lack sufficient information to determine the truth of the allegations in this paragraph, and as such, the allegations are denied.

17.     Defendants lack sufficient information to determine the truth of the allegations in this paragraph, and as such, the allegations are denied.

18.     This paragraph lacks any factual allegations, and as such, no response is required under the Federal Rules of Civil Procedure.  To the extent any response is deemed necessary, the allegations are denied.

## AS TO "BACKGROUND"

19.     The allegations in this paragraph refer to federal statute(s) or regulation(s), or federal agency interpretation(s) thereof.  The text of each speaks for itself, and therefore no response is required.  To the extent any response is deemed necessary, including to respond to Plaintiff's characterizations of those statutes, regulations, or interpretations, the allegations are denied.

20.     The allegations in this paragraph refer to federal statute(s) or regulation(s).  The text of each speaks for itself, and therefore no response is required.  To the extent any response is

deemed necessary, including to respond to Plaintiff's characterizations of those statutes or regulations, the allegations are denied.

21.     The allegations in this paragraph refer to federal statute(s) or regulation(s).  The text of each speaks for itself, and therefore no response is required.  To the extent any response is deemed necessary, including to respond to Plaintiff's characterizations of those statutes or regulations, the allegations are denied.

22.     The allegations in this paragraph refer to federal statute(s) or regulation(s), or federal agency interpretation(s) thereof.  The text of each speaks for itself, and therefore no response is required.  To the extent any response is deemed necessary, including to respond to Plaintiff's characterizations of those statutes, regulations, or interpretations, the allegations are denied.

23.     The allegations in this paragraph refer to federal statute(s) or regulation(s), or federal agency interpretation(s) thereof.  The text of each speaks for itself, and therefore no response is required.  To the extent any response is deemed necessary, including to respond to Plaintiff's characterizations of those statutes, regulations, or interpretations, the allegations are denied.

**AS TO "STATEMENT OF FACTS"**

24.     Defendants admit that disclosure statements were provided to Plaintiff for each of the relevant federal loans at or before the first disbursement on each loan, as required by the Higher Education Act, 20 U.S.C. § 1070, *et seq.*  Defendants deny that the documents attached to the Complaint as Exhibit A are "[c]opies" of the disclosure statements provided to Plaintiff at or before the Loans were disbursed.  The remaining allegations in this paragraph are conclusions of

law to which no response is required.  To the extent any response is deemed necessary, the allegations are denied.

25.      The allegations in this paragraph relate to written documents, the text of which speaks for itself, and therefore no response is required.  To the extent any response is deemed necessary, including to respond to Plaintiff's characterizations of documents, the allegations are denied.

26.      The allegations in this paragraph relate to written documents, the text of which speaks for itself, and therefore no response is required.  To the extent any response is deemed necessary, including to respond to Plaintiff's characterizations of documents, the allegations are denied.

27.      To the extent the allegations in this paragraph refer to the language of any "billing statements" allegedly sent by CES, the allegations pertain to written documents, the text of which speaks for itself, and therefore no response is required.  To the extent any response is deemed necessary, including to respond to Plaintiff's characterizations of documents, the allegations are denied.  The remaining allegations in this paragraph are conclusions of law to which no response is required.  To the extent any response is deemed necessary, the allegations are denied.

28.      Defendants lack sufficient knowledge to determine the truth of the allegations in this paragraph, and as such, the allegations are denied.

29.      Defendants admit only that CES received an LCV from FedLoan.  Defendants lack sufficient information to determine the truth of the remaining allegations in this paragraph, and as such, the allegations are denied.

30.     Defendants lack sufficient knowledge to determine the truth of the allegations in this paragraph, and as such, the allegations are denied.

31.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent any response is deemed necessary, the allegations are denied.

32.     Defendants lack sufficient knowledge to determine the truth of the allegations in this paragraph, and as such, the allegations are denied.

33.     Admitted only that CES received a telephone call from Plaintiff on February 23, 2016.  The remaining allegations in this paragraph are denied.

34.     Admitted only that CES received multiple telephone calls from Plaintiff during the referenced timeframe.  The remaining allegations in this paragraph are denied.

35.     Admitted only that CES completed an LCV form for Plaintiff's Loans in or around November 2016.  Defendants lack sufficient information to determine the truth of the remaining allegations in this paragraph, and as such, the allegations are denied.

36.     Defendants deny that CES engaged in any conduct to "delay" or "thwart" the "payoff of the Loans," or that it profited from any alleged delay.  The remaining allegations in this paragraph are conclusions of law to which no response is required.  To the extent any response is deemed necessary, the allegations are denied.

37.     The allegations in this paragraph relate to written documents, the text of which speaks for itself, and therefore no response is required.  To the extent any response is deemed necessary, including to respond to Plaintiff's characterizations of documents, the allegations are denied.

38.     Defendants lack sufficient knowledge to determine the truth of the allegations in this paragraph, and as such, the allegations are denied.

39.     Defendants lack sufficient knowledge to determine the truth of the allegations in this paragraph, and as such, the allegations are denied.

40.     Defendants lack sufficient knowledge to determine the truth of the allegations in this paragraph, and as such, the allegations are denied.

41.     Defendants lack sufficient knowledge to determine the truth of the allegations in this paragraph, and as such, the allegations are denied.

42.     The allegations in this paragraph relate to written documents, the text of which speaks for itself, and therefore no response is required.  To the extent any response is deemed necessary, including to respond to Plaintiff's characterizations of documents, the allegations are denied.

43.     Denied.

44.     It is denied that CES had a practice of failing to deliver timely or complete LCVs.  Defendants lack sufficient knowledge to determine the truth of the remaining allegations in this paragraph, and as such, the allegations are denied.

45.     The allegations in this paragraph relate to written documents, the text of which speaks for itself, and therefore no response is required.  To the extent any response is deemed necessary, including to respond to Plaintiff's characterizations of documents, the allegations are denied.

## AS TO "CLASS ACTION ALLEGATIONS"

46.     Defendants admit only that Plaintiff purports to bring this action on behalf of herself and a putative class, but deny all remaining allegations in this paragraph, including that class certification is appropriate here.

47.      The allegations in this paragraph are conclusions of law to which no response is required.  To the extent any response is deemed necessary, the allegations are denied.  By way of further answer, Defendants expressly deny that class certification is appropriate here.

48.      The allegations in this paragraph are conclusions of law to which no response is required.  To the extent any response is deemed necessary, the allegations are denied.  By way of further answer, Defendants expressly deny that class certification is appropriate here.

49.      The allegations in this paragraph are conclusions of law to which no response is required.  To the extent any response is deemed necessary, the allegations are denied.  By way of further answer, Defendants expressly deny that class certification is appropriate here.

50.      Defendants lack sufficient information to determine the truth of the allegations regarding the adequacy of Plaintiff or his counsel, and as such, the allegations are denied.  The remaining allegations in this paragraph are conclusions of law to which no response is required.  To the extent any response is deemed necessary, the allegations are denied.  By way of further answer, Defendants expressly deny that class certification is appropriate here.

51.      The allegations in this paragraph are conclusions of law to which no response is required.  To the extent any response is deemed necessary, the allegations are denied.  By way of further answer, Defendants expressly deny that class certification is appropriate here.

## AS TO "FIRST CLAIM FOR RELIEF"

52.      Defendants incorporate by reference their answers to the preceding paragraphs, as if set forth at length herein.

53.      The allegations in this paragraph are conclusions of law to which no response is required.  To the extent any response is deemed necessary, the allegations are denied.

54.      Denied.

55.     Denied.

56.     Defendants deny that they engaged in any conduct that violated Section 349 of the GBL with respect to Plaintiff or members of the putative class, and thus deny that Plaintiff or any members of the putative class are entitled to any damages.

57.     Defendants deny that they engaged in any conduct that violated Section 349 of the GBL with respect to Plaintiff or members of the putative class, and thus deny that Plaintiff or any members of the putative class are entitled to injunctive relief.

58.     Defendants deny that they engaged in any conduct that violated Section 349 of the GBL with respect to Plaintiff or members of the putative class, and thus deny that Plaintiff or any members of the putative class are entitled to any damages or attorney's fees.

## AS TO "SECOND CLAIM FOR RELIEF"

59.     Defendants incorporate by reference their answers to the preceding paragraphs, as if set forth at length herein.

60.     The allegations in this paragraph refer to written documents and/or federal statute(s) or regulation(s), and therefore no response is required.  To the extent any response is deemed necessary, including to respond to Plaintiff's characterizations of documents, the allegations are denied.  By way of further answer, Defendants deny that the notes incorporate any provisions of the HEA, or the regulations promulgated thereunder.

61.     Denied.

62.     Denied.

## AS TO "THIRD CLAIM FOR RELIEF"

63.     Defendants incorporate by reference their answers to the preceding paragraphs, as if set forth at length herein.

64.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent any response is deemed necessary, the allegations are denied.  By way of further answer, it is denied that any contractual relationship existed between CES and Plaintiff.

65.     The allegations in this paragraph are conclusions of law to which no response is required.

66.     Denied.

67.     Denied.

## AS TO "FOURTH CLAIM FOR RELIEF"

68.     Defendants incorporate by reference their answers to the preceding paragraphs, as if set forth at length herein.

69.     Denied.

70.     Denied.

## AS TO "FIFTH CLAIM FOR RELIEF"

71.     Defendants incorporate by reference their answers to the preceding paragraphs, as if set forth at length herein.

72.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent any response is deemed necessary, the allegations are denied.

73.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent any response is deemed necessary, the allegations are denied.

74.     Denied.

75.     Denied.

76.     Denied.

## AS TO "SIXTH CLAIM FOR RELIEF"

77.    Defendants incorporate by reference their answers to the preceding paragraphs, as if set forth at length herein.

78.    The allegations in this paragraph are conclusions of law to which no response is required.  To the extent any response is deemed necessary, the allegations are denied.

79.    Denied.

80.    Denied.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiff, dismiss Plaintiff's Complaint with prejudice, and award Defendants reasonable attorneys' fees and costs of suit, together with such other relief as the Court may determine appropriate.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief may be granted.

2.    Plaintiff's claims are or may be subject to binding and individual arbitration in accordance with the written arbitration agreement of the parties.  Defendants therefore reserve their right to compel individual arbitration.

3.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

4.    Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, release, and waiver.

5.    Any injuries that Plaintiff and/or members of the putative class may have suffered, such being denied, were not as a result of any conduct on the part of Defendants.

6.        Defendants's actions or inactions were not the proximate, legal, or substantial cause of any damages, injuries or losses suffered by Plaintiff and/or members of the putative class, the existence of which is denied.

7.        At all relevant times, Defendants acted in good faith and with due diligence toward Plaintiff and members of the putative class.

8.        If any statute or duty was violated, the same being specifically denied, the violation resulted from Defendants' good faith reliance on administrative order(s) or opinion(s).

9.        Plaintiff and/or members of the putative class have not suffered any injury.

10.       Plaintiff and/or members of the putative class lack Article III standing.

11.       Plaintiff and/or members of the putative class lack statutory and/or prudential standing.

12.       Plaintiff and/or members of the putative class are not entitled to the damages sought in the Complaint.

13.       If Plaintiff and/or members of the putative class suffered any damages or losses, such damages or losses were caused, in whole or in part, by Plaintiff's and/or members of the putative class's own conduct, acts or omissions.

14.       Plaintiff and/or members of the putative class failed to mitigate damages, if any.

15.       Plaintiff's and/or members the putative class's claims are barred due to an absence of any actual damages.  Hence, any statutory damages are an excessive fine and violate Defendants' rights under the Due Process and Takings Clause of the United States Constitution and/or applicable state constitutions.

16.     Plaintiff's claims and the putative class's claims are barred or limited because they cannot satisfy some or all of the requirements for certifying and maintaining a class action under Federal Rule of Civil Procedure 23.

17.     Plaintiff cannot demonstrate the numerosity and/or ascertainability of the putative class.

18.     Plaintiff cannot demonstrate the presence of questions of law or fact common to the putative class.

19.     Plaintiff's claims are not typical of those of the putative class.

20.     Plaintiff and/or his counsel are inadequate representatives of the putative class.

21.     Individual questions of law and/or fact will predominate over any common questions of law and/or fact which may be presented.

22.     A class action is not superior to other methods of adjudicating the matters in dispute.

23.     Defendants reserve the right to amend their Answer to add additional defenses upon revelation of additional facts through investigation and discovery.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiff, dismiss Plaintiff's Complaint with prejudice, and award Defendants reasonable attorneys' fees and costs of suit, together with such other relief as the Court may determine appropriate.

DATED:  April 12, 2019            /s/ *Daniel C. Fanaselle*
                                  John Grugan
                                  Elizabeth Seidlin-Bernstein
                                  Daniel C. Fanaselle
                                  Ballard Spahr LLP
                                  1735 Market Street, 51st Floor
                                  Philadelphia, PA 19103
                                  T: 215.665.8500
                                  F: 215.864.8999
                                  gruganj@ballardspahr.com
                                  SeidlinE@ballardspahr.com
                                  fanaselled@ballardspahr.com

                                  *Attorneys for Defendant Conduent Education
                                  Services LLC, Access Group, Inc., Access
                                  Funding 2015-1, LLC*