UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFFREY CHERY, on behalf of
himself and all others similarly
situated,

               Plaintiff,

               -v-               1:18-CV-75

CONDUENT EDUCATION
SERVICES, LLC, formerly
known as ACS, ACCESS
GROUP, INC., and ACCESS
FUNDING 2015-1, LLC,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

# ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

On January 18, 2018, named plaintiff Jeffrey Chery ("Chery" or "plaintiff") filed this class action against defendants Conduent Education Services, LLC ("Conduent"), Access Group, Inc. ("Access Group"), and Access Funding 2015-1, LLC ("Access Funding") (collectively "Conduent"), three entities that held or serviced Federal Family Education Loan Program ("FFELP") loans. According to the complaint, Conduent interfered with borrowers'

rights to prepay or consolidate their FFELP loans in accordance with guarantees set out in the written loan agreements and federal law.

On April 24, 2018, Conduent moved to dismiss Chery's complaint. Dkt. No. 20. That motion was denied. *Chery v. Conduent Educ. Servs., LLC* ("*Chery I*"), 2019 WL 1427140 (N.D.N.Y. Mar. 29, 2019). Thereafter, the parties engaged in some contested discovery before U.S. Magistrate Judge Christian F. Hummel. Dkt. No. 60; *Chery v. Conduent Educ. Servs., LLC* ("*Chery II*"), 2020 WL 4783167 (N.D.N.Y. Aug. 18, 2020).

On January 15, 2021, Chery moved under Federal Rule of Civil Procedure ("Rule") 23 to certify a class of student loan borrowers whose right to prepay their FFELP loans was thwarted because Conduent failed to provide them with a timely Loan Verification Certificate ("LVC"). Dkt. No. 79.

On May 5, 2021, Chery's motion for class certification was granted over Conduent's opposition. *Chery v. Conduent Educ. Servs., LLC* ("*Chery III*"), 2021 WL 1791756 (N.D.N.Y.). The Court appointed Chery as representative and certified the following Class:

> All student loan borrowers who submitted an application to consolidate one or more FFELP Loans into a Direct Consolidated Loan between January 18, 2012, and the date of the Order certifying the Class, for which Defendants failed to provide an LVC within ten days of receiving the request therefor.

*Chery III*, 2021 WL 1791756, at *3.

On August 13, 2021, the parties cross-moved under Rule 56 for summary judgment. Dkt. No. 91, 92. Chery's motion sought judgment in favor of the Class on the General Business Law § 349 ("Section 349") claim. Dkt. No. 91. Conduent, on the other hand, sought a judgment dismissing the class action in its entirety. Dkt. No. 92. Conduent also moved to preclude Chery's expert on damages. Dkt. No. 93.

On January 20, 2022, Chery's motion was granted and defendants' motions were denied. *Chery v. Conduent Educ. Servs., LLC* ("*Chery IV*"), –F. Supp. 3d–, 2022 WL 179876 (N.D.N.Y.). Thereafter, the parties informed the Court that they had reached a settlement in principle. Dkt. No. 103. They sought to stay this matter while they hashed out a settlement agreement and prepared a motion for approval. *Id*. That request was "so ordered" on March 21, 2022. Dkt. No. 104.

On July 22, 2022, Chery filed an "unopposed" motion under Rule 23 for preliminary approval of the settlement. Dkt. No. 105. As plaintiff explains, the parties have agreed to settle the matter in exchange for a $3,250,000 cash payment made for the benefit of the Class, which consists of approximately 2,995 borrowers. *Id*. Class Members with claims for less than $750 will automatically receive a cash award; Class Members with claims greater than $750 will receive a cash award after submitting appropriate verification. *Id*.

Upon review of Chery's memorandum of law and the supporting documentation in light of the governing law, it is

ORDERED that

1. The motion for preliminary approval of the class action settlement is GRANTED;

2. The Court FINDS on a preliminary basis that the proposed Settlement[1] resulted from informed, good faith, and extensive arms' length negotiations, including mediation under the direction of an experienced mediator;

3. The Court FINDS that the proposed Settlement meets the requirements for preliminary approval, and in particular falls within the range of reasonableness and potential for final approval, appears to be reasonable in light of the risk inherent in continuing with this litigation, and was arrived at after an arms' length negotiation involving experienced counsel;

4. The Court APPROVES the form, substance, and requirements of the Notices of the Proposed Settlement of Class Action (the "Notices") annexed to the Stipulation and Settlement Agreement as Exhibits A-1 and A-2;

5. The Court APPROVES the appointment of Rust Consulting, Inc. as the Claims Administrator;

---

[1] The Stipulation and Settlement Agreement is attached as Exhibit 1 to the Kuehn Declaration. Dkt. No. 105-2. All capitalized terms used in this Order have the meanings defined in the parties' Stipulation. *Id*.

6. The Claims Administrator shall cause the Notices, substantially in the form annexed to the Stipulation and Settlement Agreement, to be mailed by first class mail, postage prepaid, within thirty calendar days of this Order to all Class Members identified in the Notice Database;

7. This Order, as well as the Notices and Stipulation, shall be posted on the Settlement Website established by the Claims Administrator;

8. Plaintiff's Counsel shall, no later than twenty days before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notices and establishment of the Settlement Website;

9. The form and content of the Notices, and the method of notifying the Class of the Settlement and of its terms and conditions meet the requirements of the Federal Rules of Civil Procedure and due process, are the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto;

10. Class Members with potential claims of $750 or more will be required to file a Verification in order to be entitled to participate in the distribution of the Net Settlement Amount as follows:

(a) A properly executed Verification, substantially in the form attached to the Stipulation and Settlement Agreement as part of Exhibit A-2, must be submitted to the Claims Administrator at the address indicated in the

Notices, or online through the Settlement Website, no later than thirty days before the Settlement Fairness Hearing;

(b) Any Class Member with a potential claim of $750 or more who does not do so within the time period provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Amount, unless otherwise ordered by the Court, but shall nevertheless be bound by any Judgment entered by the Court;

(c) Each Verification shall be deemed to have been submitted on the date submitted online, or when postmarked (if properly address and mailed by first class mail, postage prepaid);

(d) The Verification submitted by each Class Member must satisfy the following conditions:

(i) it must be properly completed signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraphs;

(ii) if the person executing the Verification is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Class Member must be included in the Verification; and

(iii) the Verification must be signed under penalty of perjury;

11. In the event that the Claims Administrator cannot determine Taxpayer Identification Numbers for certain Eligible Class Members based on CES's business records, the Claims Administrator may require Eligible

Class Members who have claims of $600 or more to submit a W-9 as a condition precedent to payment;

12.  Each Class Member who did not timely exclude themselves from the Class shall be deemed to have submitted to the jurisdiction of this Court with respect to the Settlement, and shall (subject to the effectuation of the Settlement) release all Released Claims as provided in the Stipulation against the Released Parties;

13.  Class Members shall be bound by the Stipulation and all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the Releases and covenants not to sue provided for therein, unless they request exclusion from the Class in a timely and proper manner as follows:

(a)  A Class Member wishing to exclude himself or herself from the Class shall, no later than thirty calendar days prior to the date scheduled for the Settlement Fairness Hearing, mail a request for exclusion in written form by first class mail to the Claims Administrator at the address designated in the Notices;

(b)  Such a request for exclusion shall:

(i)  clearly indicate the name, address, and telephone number of the person seeking exclusion;

   (ii) state that the person requests to be excluded from the Class and settlement in *Chery v. Conduent Education Services, LLC et al.*, Case No. 1:18-CV-75 (DNH/CFH) (N.D.N.Y.), and;

   (iii) must be signed by such person;

 (c) The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court;

14. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Amount as described in the Stipulation and Notices, shall not be entitled to object to the Settlement, and shall not be bound by the Final Judgment and Release;

15. Plaintiff's Counsel shall file the list of exclusions—if any—with the Court before the Settlement Fairness Hearing;

16. The Court will consider objections to the Settlement, the Plan of Allocation, the Plaintiff's request for an award of attorneys' fees and reimbursement of expenses, and Plaintiff's request for a service award only if such objections and any supporting papers are filed in writing with the Clerk of the Court, United States District Court, Northern District of New York, Alexander Pirnie Federal Building and U.S. Courthouse, 10 Broad Street, Utica, New York, 13501, no later than thirty calendar days prior to the date

scheduled *infra* for the Settlement Fairness Hearing and served upon Plaintiff's Counsel and Defendants' Counsel;

17. Any objection must include the Class Member's name, address, telephone number, signature, the specific reasons for the objection, and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class;

18. Attendance at the Settlement Fairness Hearing is not necessary, but any person wishing to be heard at the hearing in opposition to approval of the Settlement, the Plan of Allocation, Plaintiff's Fee and Expense Application, or Plaintiff's service award are required to indicate in their written objection that they intend to appear at the hearing;

19. Persons who intend to present evidence at the Settlement Fairness Hearing must include in their written objection copies of any exhibits they intend to introduce into evidence at the Settlement Fairness Hearing;

20. If an objector hires an attorney to represent him or her for the purpose of making an objection, the attorney must serve a notice of appearance on counsel for the parties and file it with the Court no later than thirty calendar days before the Settlement Fairness Hearing;

21. Any Class Member who does not timely file and serve a written objection in compliance with aforementioned requirements shall be deemed to have waived their right to do so, and shall be foreclosed from raising (in this

proceeding or in any appeal), any objection to the Settlement, and any untimely objection shall be barred;

22. <u>Class Members do not need to appear at the hearing or take any other action to indicate their approval of the Settlement</u>;

23. Defendants' Counsel and Plaintiff's Counsel shall promptly furnish each other with copies of any and all objections that come into their possession;

24. All motions and papers in support of the final approval of the Settlement, the Plan of Allocation, the application by Plaintiff's Counsel for an award of attorneys' fees and expenses, and the request by Plaintiff for a service award shall be filed and served no later than twenty calendar days prior to the Settlement Fairness Hearing;

25. All proceedings in this Action are stayed until further Order of this Court, except as may be necessary to implement the Settlement or to comply with the terms of the Stipulation;

26. Pending final determination of whether the Settlement should be approved, Plaintiff, all Class members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, maintain, or prosecute, and are hereby barred and enjoined from instituting, commencing, maintaining, or prosecuting, any action in any court or tribunal that asserts Released Claims against any Released Defendant;

27. If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Plaintiff's Counsel or Defendants exercise their right under the Stipulation to terminate the Settlement, or if the Settlement is not finally approved or otherwise fails to become effective for any reason, then, in any such event, the Stipulation, including any amendment(s) thereto, and this Order Preliminarily Approving Settlement and Providing for Notice, shall be null and void, of no further force and effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any Action or proceeding by any person or entity for any purpose, and each party shall be restored to their respective positions as they existed on February 27, 2022;

28. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or connected to, the Settlement;

29. A Settlement Fairness Hearing is SCHEDULED to be held before this Court on **Thursday, December 1st, 2022, at 1:00 p.m.** at the United States District Court, Northern District of New York, Alexander Pirnie Federal Building and U.S. Courthouse, 10 Broad Street, Utica, New York, 13501, for the following purposes:

    (a) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be finally approved by the Court;

    (b) to determine whether the Final Judgment as provided under the Stipulation should be entered, dismissing the Amended Class Action

Complaint filed in the Action on the merits and with prejudice and approving the Releases and covenants not to sue set forth in the Settlement;

(c) to determine whether the proposed Plan of Allocation for the Net Settlement Amount is fair and reasonable, and should be approved by the Court;

(d) to consider Plaintiff's Counsel's application for an award of attorneys' fees and expenses;

(e) to consider Plaintiff's request for a service award for the time and effort he expended in prosecuting the Action on behalf of the Class; and

(f) to rule upon such other matters as the Court may deem appropriate.

30. The Court may adjourn or continue the Settlement Fairness Hearing without further written notice to the Class.

IT IS SO ORDERED.

Dated: July 26, 2022
Utica, New York.

David N. Hurd
U.S. District Judge