UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFFREY CHERY, on behalf of
himself and all others similarly
situated,

     Plaintiff,

   -v-       1:18-CV-75

CONDUENT EDUCATION
SERVICES, LLC, formerly
known as ACS, ACCESS
GROUP, INC., and ACCESS
FUNDING 2015-1, LLC,

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

On January 18, 2018, named plaintiff Jeffrey Chery ("Chery" or "plaintiff")

filed this class action against defendants Conduent Education Services, LLC

("Conduent"), Access Group, Inc. ("Access Group"), and Access Funding

2015-1, LLC ("Access Funding") (collectively "Conduent"), three entities that

held or serviced Federal Family Education Loan Program ("FFELP")

loans.  According to the complaint, Conduent interfered with borrowers'

rights to prepay or consolidate their FFELP loans in accordance with guarantees set out in the written loan agreements and federal law.

On April 24, 2018, Conduent moved to dismiss Chery's complaint.  Dkt. No. 20.  That motion was denied.  *Chery v. Conduent Educ. Servs., LLC* ("*Chery I*"), 2019 WL 1427140 (N.D.N.Y. Mar. 29, 2019).  Thereafter, the parties engaged in some contested discovery before U.S. Magistrate Judge Christian F. Hummel.  Dkt. No. 60; *Chery v. Conduent Educ. Servs., LLC* ("*Chery II*"), 2020 WL 4783167 (N.D.N.Y. Aug. 18, 2020).

On January 15, 2021, Chery moved under Federal Rule of Civil Procedure ("Rule") 23 to certify a class of student loan borrowers whose right to prepay their FFELP loans was thwarted because Conduent failed to provide them with a timely Loan Verification Certificate ("LVC").  Dkt. No. 79.

On May 5, 2021, Chery's motion for class certification was granted over Conduent's opposition.  *Chery v. Conduent Educ. Servs., LLC* ("*Chery III*"), 2021 WL 1791756 (N.D.N.Y.).  The Court appointed Chery as representative and certified the following Class:

> All student loan borrowers who submitted an application to consolidate one or more FFELP Loans into a Direct Consolidated Loan between January 18, 2012, and the date of the Order certifying the Class, for which Defendants failed to provide an LVC within ten days of receiving the request therefor.

*Chery III*, 2021 WL 1791756, at *3.

On August 13, 2021, the parties cross-moved for summary judgment.  Dkt. No. 91, 92.  Chery sought judgment in favor of the Class on the General Business Law § 349 ("Section 349") claim.  Dkt. No. 91.  Conduent sought to dismiss the action in its entirety.  Dkt. No. 92.  Conduent also moved to preclude Chery's expert on damages.  Dkt. No. 93.

Chery's motion was granted and defendants' motions were denied.  *Chery v. Conduent Educ. Servs., LLC* ("*Chery IV*"), 581 F. Supp. 3d 436 (N.D.N.Y. 2022).  Thereafter, the parties reached a settlement.  Dkt. No. 103.  This matter was stayed until the agreement could be finalized.  Dkt. No. 104.

On July 22, 2022, Chery moved for preliminary approval of the settlement and, *inter alia*, an Order directing notice to the proposed settlement class.  Dkt. No. 105.  That motion was granted.  Dkt. No. 106.  As relevant here, the Court scheduled a Settlement Fairness Hearing to determine whether final approval of the Settlement is warranted.  *Id*.

Chery has since moved for final approval.  Dkt. No. 107.  Upon review of Chery's memorandum of law and the supporting documentation in light of the governing law, and after hearing from the parties at the Settlement Fairness Hearing held in open court at the scheduled date and time, it is

ORDERED that

1.  The motion for final approval is GRANTED;

2.  The form, content, and method of dissemination of the Notices[1] given to the Class was adequate and reasonable and constituted the best notice practicable under the circumstances, including individual first-class mailed notices to all Class Members who could be identified through reasonable effort;

3.  The Notice, as given, complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process, and constituted due and sufficient notice;

4.  The Settlement set forth in the Stipulation is fair, reasonable, and adequate, and in the best interests of the Class, particularly in light of the fact that (a) the Settlement was negotiated vigorously, in good faith, and at arms' length by plaintiff and his experienced counsel on behalf of the Class; (b) the matter settled only after extensive negotiations conducted under the auspices of a retired U.S. Magistrate Judge; (c) required full briefing and contested motion practice at various stages of the litigation, as set forth *supra*; (d) involved substantial discovery, including the depositions of four expert witnesses, and motion practice as to same; and (e) in the event the Settlement had not been achieved, both parties faced considerable expense, risk, burdens, and uncertainty of continued litigation;

---

[1] The Stipulation and Settlement Agreement are attached as Exhibit 1 to the Kuehn Declaration.  Dkt. No. 105-2.  All capitalized terms used in this Order have the meanings defined in the parties' Stipulation.  *Id.*

5.  The Stipulation and Settlement are APPROVED as final, fair, reasonable, and adequate;

6.  The Settlement shall be CONSUMMATED in accordance with the terms and provisions of the Stipulation;

7.  Plaintiff, all Class Members, and defendants are bound by the terms of the Settlement as set forth in the Stipulation;

8.  The Action and all claims that are or have ever been contained therein, as well as all of the Released Claims, are DISMISSED WITH PREJUDICE as to Plaintiff, the Class Members, and all other Releasing Parties;

9.  The parties are to bear their own costs except as otherwise provided in the Stipulation;

10.  All Released Defendants as defined in the Stipulation are RELEASED in accordance with, and as defined in, the Stipulation;

11.  Upon the Effective Date of the Settlement, Plaintiff and all Class Members, on behalf of themselves and of each of the Releasing Parties, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged all Released Claims against the Released Defendants, regardless of whether such Class Member cashes a settlement check or executes and delivers a Verification;

12.  Upon the Effective Date of the Settlement, each of the Defendants shall be deemed to have, and by operation of this Final Judgment, shall have fully, finally, and forever released and discharged Plaintiff, Plaintiff's Counsel, and each and all of the Class Members from any and all claims relating to the institution, prosecution, or settlement of: (a) the Action or (b) the Released Claims;

13.  Nothing in this Final Judgment shall operate or be construed to release any claims or rights Defendants have to recover any past, present, or future amounts that may be owed by Plaintiff or Class Members on his/her accounts, loans, or any other debts owed to or serviced by Defendants, pursuant to the terms and conditions of such accounts, loans, or any other debts;

14.  All Class Members who have not made timely objections to the Settlement or Motion for Attorneys' Fees, Expenses, and Class Representative Service Award in the manner provided for in the Notices are deemed to have waived any objections by appeal, collateral attack, or otherwise;

15.  All Class Members who did not timely exclude themselves from the Class are bound by the terms and conditions of the Stipulation and this Final Judgment and release and forever discharge the Released Defendants from all Released Claims as provided for in the Stipulation and this Order;

16.  Plaintiff's Counsel are awarded attorneys' fees in the amount of $1,083,333.33, which sum the Court finds to be fair and reasonable, and are awarded reimbursement of expenses in the amount of $72,667.11, both of which sums shall be paid from the Settlement Amount;

17.  The Court finds that an award to Plaintiff for his time and efforts[2] in representing the Class in the prosecution of this Action is fair and reasonable, and thus awards $25,000.00 to the Plaintiff from the Settlement Amount;

18.  All other provisions of the Stipulation are incorporated into this Final Judgment as if fully reproduced in this Order;

19.  Plaintiff, all Class Members, and all other Releasing Parties are BARRED AND PERMANENTLY ENJOINED from instituting, commencing, maintaining, or prosecuting in any court or tribunal any of the Released Claims against any of the Released Defendants;

20.  Defendants and their successors or assigns are BARRED AND PERMANENTLY ENJOINED from instituting, commencing, maintaining, or prosecuting any claims relating to the institution, prosecution, or settlement of: (a) the Action or (b) the Released Claims against Plaintiff, Class Members, or Plaintiff's Counsel;

---

[2]  The Court notes plaintiff was deposed, responded to written discovery, produced documents, and oversaw the prosecution of this Action by counsel.

21.  The Plan of Allocation as set forth in the Notices is APPROVED as fair and reasonable;

22.  Plaintiff's Counsel are directed to arrange for the administration of the Settlement and payments to Eligible Class Members in accordance with its terms and conditions;

23.  Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Final Judgment or the released provided in this Order and shall be considered separate from this Final Judgment;

24.  The Court decrees that neither the Stipulation nor this Final Judgment, nor even the fact of the Settlement is an admission or concession by the Released Defendants, or any of them, of any liability or wrongdoing;

25.  The Court further decrees that this Final Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised int he Action;

26.  The Action is DISMISSED WITH PREJUDICE;

27.  The Court retains jurisdiction over compliance with the Stipulation and this Final Judgment; and

28.  The Clerk of Court is directed to enter a Final Judgment accordingly, terminate the pending motions, and close the file.

IT IS SO ORDERED.

Dated:  December 2, 2022
         Utica, New York.

David N. Hurd
U.S. District Judge