IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY CHERY,<br><br>            *Plaintiff,*<br><br>   v.<br><br>CONDUENT EDUCATION SERVICES LLC, ACCESS GROUP, INC., ACCESS FUNDING 2015-1, LLC,<br><br>            *Defendants.* | Case No. 1:18-cv-00075-DNH-CFH |

### ORDER AUTHORIZING
### DISTRIBUTION OF NET SETTLEMENT FUND

WHEREAS, in the above-captioned action (the "Action"), the Court-appointed Claims Administrator, Rust Consulting, Inc., has completed the administration of the Settlement Fund, including the processing of all submitted Claim Forms, and is now prepared, with the approval of the Court, to distribute the net proceeds of the Settlement;

WHEREAS, on July 8, 2022, the parties entered into a Stipulation and Agreement of Settlement ("Settlement") (ECF No. 105-3);

WHEREAS, on July 26, 2022, the Court issued an order granting Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement that, among other things, preliminarily approved the Settlement as fair and reasonable (ECF No. 106);

WHEREAS, on December 2, 2022, the Court issued a Final Order and Judgment Approving Class Action Settlement and approved the proposed plan of allocation and retained

1

jurisdiction over the interpretation and implementation of the Settlement, including the administration and distribution of the Net Settlement Fund (ECF No.111);

WHEREAS, as reflected in the Declaration of Jason M. Stinehart on Behalf of Rust Consulting, Inc. (the "Stinehart Declaration"), the Claims Administrator has completed the process of reviewing all submitted Claims, and has made a recommendation as to the eligibility of each submitted Claim;

WHEREAS, Lead Plaintiffs and the Claims Administrator now seek authorization to distribute the Net Settlement Fund to Authorized Claimants; and

WHEREAS, after reviewing Lead Plaintiffs' Unopposed Motion for Authorization to Distribute Net Settlement Fund, the Memorandum in support thereof, the Stinehart Declaration, and all other exhibits and papers submitted in support thereof, the Court has determined that good cause exists for the relief requested.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. Lead Plaintiff's Unopposed Motion for Authorization to Distribute Net Settlement Fund is GRANTED.

2. This Order incorporates by reference the definitions in the Settlement and the Stinehart Declaration and all capitalized terms used in this Order shall have the same meanings as defined in the Stipulation or in the Stinehart Declaration.

3. This Court has continuing jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

4. Lead Plaintiff's proposed plan for distribution of the Net Settlement Fund to Authorized Claimants is APPROVED.  Accordingly:

a) The administrative recommendations of the Court-approved Claims Administrator, Rust Consulting, Inc. ("Rust"), to accept the Timely Eligible Claims stated in the Stinehart Declaration and the Late But Otherwise Eligible Claims, are adopted;

b) Rust is directed to conduct a Distribution of the Net Settlement Fund (the "Initial Distribution"), after deducting all payments previously allowed and the payments approved by this Order, and after deducting any taxes, the costs of preparing appropriate tax returns, and any escrow fees in accordance with the Court-approved Plan of Allocation.

c) To encourage Authorized Claimants to deposit their checks promptly, all Distribution checks will bear or be accompanied by the following (or substantially similar) notation: "DEPOSIT PROMPTLY; VOID IF NOT NEGOTIATED WITHIN 120 DAYS OF DISTRIBUTION";

d) Authorized Claimants that do not negotiate their Initial Distribution checks within the time allotted or according to the conditions set forth in the Stinehart Declaration will irrevocably forfeit all recovery from the Settlement.

e) Upon the expiration of 120 days after the distribution of Cash Awards to Eligible Class Members, the amounts representing the Net Settlement Amount that have not been claimed, cashed, or were unable to be delivered despite the Claims Administrator's good-faith efforts, will be refunded to CES.

f) One year after the Distribution, Rust will destroy paper copies of the Claims and all supporting documentation.

5.     Rust shall be paid the outstanding balance of its fees and expenses in connection with the services performed, and to be performed, in administering the Claim Forms and distributing the Net Settlement Fund.

6.     All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of that involvement, and all Settlement Class Members and other Claimants, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Lead Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Lead Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to Authorized Claimants.

7.     This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and any other and further relief that this Court deems appropriate.

SO ORDERED this 27th day of March 2023.

_____
Honorable David N. Hurd
United States District Judge